UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Aug 19, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: WELLPOINT, INC., OUT-OF-NETWORK
"UCR" RATES LITIGATION

MDL No. 2074

### TRANSFER ORDER

**Before the entire Panel**: Defendants WellPoint, Inc., and affiliated entities[1] (collectively WellPoint) have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Central District of California or, alternatively, the District of New Jersey. This litigation currently consists of five actions listed on Schedule A and pending in three districts, three actions in the Central District of California and one action each in the Southern District of Florida and the District of New Jersey.[2]

All responding parties agree that centralization is appropriate of all, or some, of these actions. Plaintiffs in the three California actions and defendants Ingenix, Inc. (Ingenix) and its parent UnitedHealth Group, Inc. (UnitedHealth) support centralization of all actions in the Central District of California. Plaintiffs in the California physician action, alternatively, support centralization of all actions in the New Jersey district. Plaintiffs in the New Jersey action favor inclusion of the three actions brought by WellPoint health care plan subscribers in separate MDL proceedings and suggest selection of the District of New Jersey. These plaintiffs further suggest transfer of the California action brought by physicians to MDL No. 1334 in the Southern District of Florida with the non-physician health care provider (dentists) action which is already part of MDL No. 1334. Non-physician health care plaintiffs (podiatrists) in an Eastern District of California potential tag-along action support centralization of all actions in the New Jersey district or, alternatively, suggest selection of Eastern District of California. A health care facility plaintiff in a Central District of California potential tag-along action supports centralization of all actions in the Eastern District of California.

On the basis of the papers filed and hearing session held, we find that four of these five actions involve complex common questions of fact, and that centralization under Section 1407 in

---

[1] Anthem, Inc.; Blue Cross of California; WellPoint Health Networks, Inc.; Empire Blue Cross Blue Shield (Empire); WellChoice, Inc.; and WellChoice Insurance of New Jersey, Inc.

[2] The parties have notified the Panel that several potentially related actions involving similar claims against Wellpoint are also pending. These actions are potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

the Central District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Plaintiffs–on behalf of nationwide classes of WellPoint health plan subscribers or physicians–challenge WellPoint's policies and practices for reimbursing its plan members' visits to health care providers that are not part of the WellPoint network (known as "non-participating" or "out-of-network" providers). Specifically, plaintiffs allege that (1) the Ingenix database of billing information was flawed leading to lower reimbursement rates; and (2) WellPoint improperly calculated the usual, customary and reasonable ("UCR") rates of reimbursement for out-of-network services based upon this data. Centralization under Section 1407 will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

Although the Southern District of Florida action shares some factual questions with the other MDL No. 2074 actions, its "retransfer" is not appropriate. This action was previously transferred by the Panel for inclusion in MDL No. 1334. Pretrial proceedings in the action are progressing. In July 2008, the transferee judge denied plaintiffs' opposed motion for a suggestion of remand of this action. He found that the Florida action continues to share questions of fact with other MDL No. 1334 actions and would benefit from continued inclusion in MDL No. 1334 proceedings.

Although any of the suggested districts is potentially an appropriate transferee district for this litigation, we have selected the Central District of California, because (1) three actions are already pending there, and (2) Judge Gutierrez is an experienced MDL transferee judge who does not currently have an MDL assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending in the District of New Jersey is transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Philip S. Gutierrez for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

IT IS FURTHER ORDERED that retransfer under Section 1407 of the Southern District of Florida action listed on Schedule A is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Robert L. Miller, Jr.          Kathryn H. Vratil
David R. Hansen               W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.

IN RE: WELLPOINT, INC., OUT-OF-NETWORK
"UCR" RATES LITIGATION                                            MDL No. 2074

## SCHEDULE A

<u>Central District of California</u>

Michael Roberts v. UnitedHealth Group, Inc., et al., C.A. No. 2:09-1886
American Medical Association, et al. v. WellPoint, Inc., C.A. No. 2:09-2039
J.B.W., etc. v. UnitedHealth Group, Inc., et al., C.A. No. 2:09-2488

<u>Southern District of Florida</u>

American Dental Association, et al. v. WellPoint Health Networks, Inc., et al.,
    C.A. No. 1:02-22027

<u>District of New Jersey</u>

Darryl Samsell, et al. v. WellPoint, Inc., et al., C.A. No. 2:09-667